UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Greater Motor Cars, CLCP, LLC                                                Civil Action No. 11-1403

versus                                                                                       Judge Tucker L. Melançon

Exoticar, Inc.                                                                              Magistrate Judge C. Michael Hill

**ORDER**

  Counsel for defendant Exotic Car, Inc. ("movers"), filed a motion to withdraw on January 1, 2012. *R. 10.* On January 12, 2012, the Court ordered defendant to pay movers all amounts due under the parties' fee agreement within fifteen (15) days of the date of the entry of the order. *R. 12.* The order provided that in the event defendant did not pay the fee, movers were to re-urge their motion and defendant would be required to retain and enroll new counsel within fifteen (15) days of the date of the entry of the order granting the re-urged motion to withdraw. *Id.* The order further stated that "[f]ailure to comply with such an order, if issued, will result in Exotic Car, Inc.'s answer being stricken from the record of this proceeding." *Id.*

  As defendant failed to pay their fees, counsel for defendant re-urged their motion to withdraw on January 30, 2012. *R. 13.* Defendants attached a copy of their January 16, 2012 correspondence to Exotic Car, Inc., c/o Angelo Markopoulos, submitting the Court's January 12, 2012 Order as well as a signed certified return receipt indicating that Exotic Car, Inc. was served with the Order. *Id*. The Court granted the motion to withdraw on February 3, 2012 and ordered that defendant "retain and enroll new counsel within fifteen (15) days of the date of the entry of this order." *R. 14*. The Court reiterated that "[f]ailure to comply with this Order will result in Exotic Car, Inc's answer being stricken from the record of this proceeding." *Id.* The Court's Order was mailed to "Exotic Car, Inc., c/o Angelo Markopoulos, 18514 U.S. Hwy 19N, Clearwater, FL 33764" on February 3, 2012. *Id., notice of non-electronic filing.*

The record indicates that defendant has once again willfully failed to comply with the order of the Court. "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.' " *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir.1984) (per curiam). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See id.* (holding district court properly struck defenses of corporate defendant who declined to hire counsel). "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir.2004). "When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default." *Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D.Tex. Feb.19, 2009). In *PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at * 1 (N.D.Tex. Aug.19, 2003), the court entered final judgment against the defendant after finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default.

Here, the Court issued two orders instructing defendant to pay its counsel or enroll new counsel within 15 days. In both orders, the Court admonished defendant that failure to obtain counsel would result in its "answer being stricken from the record of this proceeding." The record indicates that defendant was served with each of the Court's orders. Now, three months and 16 days after being served with the initial order, defendant has not retained new counsel. Accordingly, it is

**ORDERED** that the "Answer" filed on October 25, 2011by Exotic Car, Inc. is hereby **STRICKEN** from the record of this proceeding and the Clerk of Court is to issue a Notice of Entry of Default against Exotic Car, Inc. pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55.1W.

**THUS DONE AND SIGNED** this 28th day of March, 2012 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE